**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4738
_____

ANDREW ROWAN GORDON,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A026-629-636)
Immigration Judge:  Honorable Andrew Arthur

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 14, 2010
Before: SMITH, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 19, 2010 )
_____

OPINION
_____

PER CURIAM

Andrew Gordon, proceeding *pro se*, petitions for review of a Board of

Immigration Appeals ("BIA") decision upholding an Immigration Judge's ("IJ") order of

removal.  For the reasons that follow, we will deny the petition for review.

I

Gordon is a citizen of the United Kingdom. He was born in January 1969, arrived in the United States in July 1984, and obtained lawful permanent resident status in November 1987. In 1989, Gordon was convicted in Connecticut state court for possession with intent to sell cocaine. He was sentenced to a suspended term of two years' imprisonment. In 2007, Gordon pleaded guilty in the United States District Court for the District of Connecticut to possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). He received a sentence of 70 months' imprisonment.

Based on his federal drug conviction, the Department of Homeland Security initiated removal proceedings against Gordon. Gordon conceded removability, but argued before the IJ that he may have obtained United States citizenship when his mother naturalized in 1994. The IJ concluded that Gordon was not a citizen and that he was ineligible for any form of discretionary relief.

Gordon appealed, *pro se*, arguing that the IJ failed to consider the hardship on his American-born children and United States citizen wife. He also made reference to INA § 204, 8 U.S.C. § 1154, which includes provisions for spousal visa petitions. The BIA dismissed the appeal, agreeing with the IJ that Gordon did not have derivative citizenship and concluding that he was ineligible for other relief. Gordon then filed a petition for review.

II

We have jurisdiction pursuant to 8 U.S.C. § 1252(a).  Because the BIA issued its own opinion, we review its decision rather than that of the IJ.  See Li v. Att'y Gen., 400 F.3d 157, 162 (3d Cir. 2005).  However, we also look to the decision of the IJ to the extent that the BIA deferred to or adopted the IJ's reasoning.  See Chavarria v. Gonzalez, 446 F.3d 508, 515 (3d Cir. 2006).  We review agency factual determinations for substantial evidence, and will uphold a factual determination "unless the evidence not only supports a contrary conclusion, but compels it."  Zhang v. Gonzales, 405 F.3d 150, 155 (3d Cir. 2005) (internal citations omitted).  Because Gordon is proceeding *pro se*, we construe his pleadings liberally.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Gordon does not appear to challenge the Agency's determination that his 2007 drug conviction, which constituted an aggravated felony, see INA § 101(a)(43)(B), 8 U.S.C. § 1101(a)(43)(B), rendered him ineligible for discretionary relief.  See INA § 240A(a)(3), 8 U.S.C. § 1229b(a)(3) (cancellation of removal); INA § 212(h), 8 U.S.C. § 1182(h) (waiver of inadmissibility); 8 C.F.R. § 212.3(f) (relief under former INA § 212(c)).  Nor does he dispute that he did not obtain derivative citizenship through his mother.  Rather, Gordon argues that:  (1) he was entitled to derivative citizenship through his wife; (2) the Board erred in holding "that it lacked jurisdiction to entertain [his] constitutional claim"; (3) the statute governing removal of aliens is unconstitutional; (4) removal constitutes "double punishment"; (5) he was denied due process (but does not

3

elaborate); and (6) removal constitutes cruel and unusual punishment under the Eighth Amendment.

Because arguments 3 through 6 were not raised before the BIA, they are unexhausted and we lack authority to consider them. See Lin v. Att'y Gen., 543 F.3d 114, 119-21 & n.6 (3d Cir. 2008). With regard to his wife's citizenship, the Board reasoned that Gordon provided no evidence that his wife had filed a visa petition on his behalf and, even if she had, Gordon could not obtain the benefit of such a petition because he is inadmissible and ineligible for any waiver. We agree.

As to Gordon's argument that the Board erred in holding that it lacked jurisdiction to consider his "constitutional claim," it is unclear what constitutional claim Gordon refers to: the only issue the BIA held that it lacked authority to act on was what the Board construed to be a request for humanitarian relief. The BIA can grant only those forms of relief from removal that are expressly authorized by Congress and delegated by the Attorney General. See Beharry v. Ashcroft, 329 F.3d 51, 59 (2d Cir. 2003) (citing Matter of Medina, 19 I&N Dec. 734, 741-42, 746 (BIA 1988)). Here, the BIA reasoned that it lacked the power to grant equitable remedies or general humanitarian relief. Gordon does not identify – and we are not aware of – any remedy within the BIA's power for which he would have been eligible.

Accordingly, we will deny the petition for review.

4